IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAKOTA THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:20-cv-00188 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| TENNESSEE DEPARTMENT OF ) | MAGISTRATE JUDGE HOLMES |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Pending before the Court are cross motions for summary judgment filed by the Tennessee Department of Corrections ("TDOC") (Doc. No. 50) and Dakota Thompson ("Mr. Thompson") (Doc. No. 61). The parties filed responses in opposition and replies. (Doc. Nos. 64, 65, 68, 69). For the reasons explained below, summary judgment will be entered in favor of the TDOC.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Mr. Thompson filed the present suit against CoreCivic, Inc. and CoreCivic of Tennessee, LLC (collectively "CoreCivic") and the TDOC for alleged violations of the Americans with Disability Act, 42 U.S.C. § 12131 *et seq.* ("ADA") and the Rehabilitation Act of 1973, 29 U.S.C. *et seq.* ("Rehabilitation Act").[1] Mr. Thompson is profoundly deaf, and American Sign Language is his primary language. (Doc. No. 66 ¶¶ 2-3). At all relevant times, Mr. Thompson was incarcerated at Trousdale Turner Correctional Center ("TTCC"), which is owned and operated by CoreCivic. (Doc. No. 66 ¶ 1; Doc. No. 1 ¶ 9). The parole board mandated that Mr. Thompson complete the therapeutic community ("TCOM") program for substance abuse treatment, which

---

[1] CoreCivic was dismissed with prejudice in April 2021. (*See* Doc. No. 40).

consists of mandatory daily curriculum classes, twice-weekly process groups, monthly one-on-one meetings with a counselor, and independent work in a workbook. (Doc. No. 66 ¶¶ 7, 5, 72, 12).

On the first day of the TCOM program, Mr. Thompson submitted a written request to be provided with an interpreter for the program. (*Id*. ¶ 26). Mr. Thompson also submitted multiple grievances requesting an interpreter for his TCOM classes. (*Id*. ¶ 30). At some point, the warden of TTCC had a conversation with the TDOC contractor monitor over TTCC about difficulties CoreCivic was having with getting an interpreter for Mr. Thompson, but Mr. Thompson was never provided with a certified sign language interpreter for the TCOM program. (*Id*. ¶¶ 52, 41, 44-45). Mr. Thompson also had several mental health appointments throughout his detention at TTCC where he was not provided with an interpreter. (*Id*. ¶¶ 59, 61-62, 64-65).

Mr. Thompson filed the Complaint in this matter on March 3, 2020. (Doc. No. 1). On October 4, 2021, the TDOC moved for summary judgment on all claims. (Doc. No. 50). On October 8, 2021, Mr. Thompson moved for partial summary judgment on his failure to accommodate claim. (Doc. No. 61).

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks,* 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In evaluating a motion for summary judgment, the court views the facts in the light most favorable for the nonmoving party, and draws all reasonable inferences in favor of the nonmoving party. *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 242 (6th Cir. 2015); *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the Court determines whether sufficient evidence has been presented to make the issue of material fact a proper jury question. *Id.* The mere scintilla of evidence in support of the nonmoving party's position is insufficient to survive summary judgment; instead, there must be evidence of which the jury could reasonably find for the nonmoving party. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). "The standards ... for summary judgment do not change when, as here, both parties seek to resolve [the] case through the vehicle of cross-motions for summary judgment." *Craig v. Bridges Bros. Trucking LLC*, 823 F.3d 382, 387 (6th Cir. 2016) (citation and internal quotation marks omitted).

### III. ANALYSIS

As noted above, Mr. Thompson brings his claims against the TDOC under Title II of the ADA and the Rehabilitation Act.[2] Significantly for the present case, the Sixth Circuit recently held that vicarious liability does not apply to Title II of the ADA or the Rehabilitation Act. *See Jones v. City of Detroit, Michigan*, 20 F.4th 1117, 1119-22 (6th Cir. 2021). Through his failure to accommodate claim, Mr. Thompson seeks to hold the TDOC liable for CoreCivic's failure to provide him with an interpreter or other auxiliary aids for his TCOM classes and mental health

---

[2] Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability ... shall, solely by reason of [] his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

3

appointments. (*See* Doc. No. 61-1). Mr. Thompson's claim against the TDOC for intentional discrimination is also premised on vicarious liability. (*See* Doc. No. 64 at 24 ("[T]he only issues in dispute as to whether the TDOC committed intentional discrimination are whether Mr. Thompson was excluded from programs and activities at TTCC because of his disability and *whether TTCC staff possessed discriminatory animus toward Mr. Thompson*.") (emphasis added); *see also id*. at 26 (pointing to statements made by a CoreCivic employee as evidence of the TDOC's discriminatory animus). Accordingly, because vicarious liability does not apply to claims brought under Title II of the ADA and the Rehabilitation Act, *see Jones*, 20 F.4th at 1119-22, Mr. Thompson's claims against the TDOC fail as a matter of law.

An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE